UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA

| | | |
|---|---|---|
| SHANNON K. QUEEN, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED PERSONS, | ) ) ) ) | |
| Plaintiff, | ) ) | Complaint and Jury Demand |
| Versus | ) ) | Docket No. 2:11-CV-0125-WCO Civil Action |
| Aviagen, Incorporated, | ) ) | |
| Defendant. | ) | |

<u>COMPLAINT</u>

   Plaintiff, Shannon K. Queen, by and through counsel, Albert

C. Palmour and Steven A. Miller, Palmour Law Firm, for his

complaint herein against the defendant, Aviagen, Inc., alleges

upon knowledge, or upon information and belief where

appropriate, avers as follows:

1. Plaintiff Shannon K. Queen, and individual person, brings

   this action for unpaid overtime individually and on behalf

   of similarly situated employees who were not paid time and

   one-half for all hours worked over forth (40) in a workweek

   as required under the Fair Labor Standards Act, 29 U.S.C. §

   201 *et seq*.

2. Aviagen, Inc., at all times material hereto, was Plaintiff

   Shannon K. Queen's employer, and is a worldwide enterprise

   engaged in commerce or in the production of goods for

1

commerce having employees engaged in commerce with an annual gross volume of sales made exceeding $500,000.00 operating worldwide and marketing, distributing and processing chicken and other poultry in and for the foodservice industry.

3. Plaintiff, Shannon K. Queen brings this action as a collective action under the Fair Labor Standards Act for Aviagen, Inc., unlawful refusal to pay overtime at the premium rate of time and one-half for all hours worked over forty in a work week.

4. Plaintiff, Shannon K. Queen, seeks overtime wages, liquidated damages, and costs and attorneys' fees as well as declaratory relief under the Fair Labor Standards Act 29 U.S.C. § 201 *et seq.*

## JURISDICTION

5. Jurisdiction is conferred upon this court by 29 U.S.C. § 216 (b) of the Fair Labor Standards Act ("FLSA"), by 28 U.S.C. § 1331, this action arising under laws of the United States, and by 28 U.S.C § 1337, this action arising under Acts of Congress regulating commerce. Jurisdiction over the Plaintiff's claims for declaratory relief is conferred by 28 U.S.C §§ 2201 and 2202.

2

## VENUE

6. Venue is proper in this District pursuant to 28 U.S.C §

   1391 (b)(1) because Aviagen, Inc., resides in Georgia.

   Aviagen, Inc., conducts business in Union County, Georgia,

   and "a substantial part of the events or omissions giving

   rise to this claim occurred or a substantial part of

   property that is the subject of this action is situated."

   29 U.S.C. § 1391 (b)(2).

## PARTIES

### A. Plaintiffs

7. Shannon K. Queen was an employee of Aviagen, Inc.

   Plaintiff Shannon K. Queen worked in Aviagen's shipping

   department as a Trucking Coordinator performing the job

   functions of loading, manifesting, and shipping poultry.

8. Plaintiff Shannon K. Queen worked at Aviagen from November

   1990 to August 2010.

9. Plaintiff Shannon K. Queen resides in Fannin County,

   Georgia.

10.    Plaintiff Shannon K. Queen was engaged in interstate

   commerce while working for Aviagen, Inc.

11.    The term "plaintiffs" as used in the complaint refers

   to the named Plaintiff, Shannon K. Queen, an individual,

3

and all workers who were not paid time and one-half overtime pay for hours worked over forty (40) hours as required by the FLSA, pursuant to the collective action provisions of 29 U.S.C § 216(b) individually, collectively, or in any combination.

12.    Plaintiffs seek unpaid wages for overtime, liquidated damages, costs, interest, and attorneys' fees as well as declaratory relief under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.* Plaintiff Shannon K. Queen and others similarly situated bring this case as a collective action under 29 U.S.C § 216(b) for class members throughout the United States who have worked for Defendant as Trucking Coordinators in the past twenty (20) years from 1990 to 2010.

13.    Aviagen, Inc., is a Delaware corporation with a Principal Office Address of 5015 Bradford Drive, NW, Huntsville, Alabama 35805-1943, with a place of business in Union County, Georgia.  Aviagen's Registered Agent in Georgia is CT Corporation System, 1201 Peachtree Street, NE, Atlanta, Georgia 30361.

14.    Aviagen, Inc., provides poultry and poultry processing services worldwide.

4

15.    Upon information and belief, Aviagen, Inc., operates an enterprise engaged in commerce within the meaning of FLSA.

16.    Upon information and belief for each of the three years preceding the filing of the initial complaint herein, Aviagen, Inc., employed two (2) or more individuals "handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce."

17.    Upon information and belief, Aviagen, Inc., grossed more than $500,000 in the past fiscal year.

## FACTS

18.    Aviagen, Inc., employed Plaintiff Shannon K. Queen as a Trucking Coordinator. His job duties were to coordinate, dispatch and distribute chicken and other poultry.

19.    Trucking Coordinators were also referred to as dispatchers.

20.    Plaintiff Shannon K. Queen regularly worked more than forty (40) hours a week for Aviagen, Inc.

21.    When Plaintiff Shannon K. Queen worked more than forty (40) hours in a work week he was not paid time and one-half.

22.    Plaintiff Shannon K. Queen was paid a base pay each
pay period.

23.    Plaintiff Shannon K. Queen's base pay was subject to
reduction pursuant to Aviagen, Inc., policies if they did
not work forty (40) hours in a week.

24.    Plaintiff Shannon K Queen received other compensation
in forms of bonuses in addition to his base pay.

25.    Aviagen, Inc., failed to pay Plaintiff Shannon K.
Queen overtime compensation at the rate of time and one-
half for all hours worked over forty (40).

26.    Aviagen's failure to pay Plaintiff Shannon K Queen the
proper wages required by law was willful.

27.    All actions and omissions described in the Complaint
were made by Aviagen, Inc., directly or through its
supervisory employees and agents.

## CAUSE OF ACTION

28.    Aviagen, Inc., failed to pay overtime wages to the
Plaintiffs as required by the Fair Labor Standards Act, 29
U.S.C. § 201 *et seq.* and its implementing regulations.

29.    Aviagen's failure to pay proper overtime wages for
each hour worked over forty (40) per week was willful
within the meaning of 29 U.S.C. § 255.

30.    Aviagen's failure to comply with the FLSA cause
Plaintiffs to suffer loss of wages thereon.

DEMAND FOR JURY TRIAL

A jury is hereby demanded for those issues so triable.

**WHEREFORE**, Plaintiffs request that this Court enter an order

A.    Declaring that Aviagen, Inc., violated the Fair Labor Standards Act;

B.    Declaring that Aviagen, Inc., violated the Fair Labor Standards Act willfully;

C.    Granting judgment to the Plaintiffs for their claims of unpaid wages as secured by the Fair Labor Standards Act as well as an equal amount in liquidated damages, and awarding Plaintiffs' costs and reasonable attorneys' fees; and

D.    Granting such further relief as the Court finds just.

Dated: May 19 , 2011.

**Respectfully submitted,**

**PALMOUR LAW FIRM**


**/s/ Albert C. Palmour**
**Albert C. Palmour, Georgia Bar No. 560351**

**/s/ Steven A. Miller**
**Steven A. Miller, Georgia Bar No. 141937**

**Palmour Law Firm**
**9933 Commerce Street**
**P.O. Box 716**
**Summerville, Georgia 30747**
**Telephone: 706-857-5544**
**Facsimile: 706-857-4355**
**apalmour@palmourlaw.com**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA

SHANNON K. QUEEN, INDIVIDUALLY     )
AND ON BEHALF OF ALL OTHERS        )
SIMILARLY SITUATED PERSONS,        )
                                   )     Certificate of
     Plaintiff,                    )     Interested Persons and
                                   )     Corporate Disclosure
Versus                             )     Statement
                                   )
Aviagen, Incorporated,             )     Docket No. _____
                                   )
Defendant.                         )     Civil Action

CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE

STATEMENT

1. The undersigned counsel of record for a party to this
   action certifies that the following is a full and complete
   list of all parties in this action, including any parent
   corporation and any publicly held corporation that owns 10%
   or more of the stock of a party:

   a. Aviagen, Incorporated is a wholly owned subsidiary of
      Aviagen Group, Inc. (U.S.)

   b. Aviagen Group, Inc. is a wholly owned subsidiary of
      Aviagen Holdings, Inc. (U.K.)

   c. Aviagen Holdings, Inc. (U.K.) is a wholly owned
      subsidiary of Aviagen Group, Limited (U.K.)

   d. Aviagen Group Limited (U.K.) is a wholly owned subsidiary
      of Aviagen International Finance Three Limited (U.K.)

1

e. Aviagen International Finance Three Limited (U.K.) is a wholly owned subsidiary of Aviagen International Finance Two Limited (U.K.)

f. Aviagen International Finance Two Limited (U.K.) is a wholly owned subsidiary of Aviagen International Finance One Limited (U.K.)

g. Aviagen International Finance One Limited (U.K.) is a wholly owned subsidiary of Aviagen International Finance Limited (U.K.)

h. Aviagen International One Limited (U.K.) is a wholly owned subsidiary of Aviagen International Group, Inc. (U.S.- Delaware)

i. Aviagen International Group, Inc. (U.S.- Delaware) is a wholly owned subsidiary of Epich Wesjohann AM, LP (U.S.- Delaware) is a wholly owned subsidiary of Aviagen International Group, Inc. (U.S.- Delaware)

j. Epich Wesjohann AM, LP (U.S.- Delaware) is a wholly owned subsidiary of Erich Wesjohann Vermogensverwaltungs GmH & Co. KG (Germany)

k. Erich Wesjohann Vermogensverwaltungs GmH & Co. KG (Germany) is a wholly owned subsidiary of EW Group GmbH

l. All publicly held companies, if any, that own ten percent (10%) or more of the named party's stock: None.

2. The undersigned further certifies that the following is a full and complete list of persons, associations, firms, partnerships, or corporations having either a financial interest in or other interest which would be substantially affected by the outcome of this particular case: None known to counsel undersigned.

3. The undersigned further certifies that the following is a full and complete listing of all persons serving as attorneys for the parties in this proceeding:

   a. For the Plaintiff: Palmour Law Firm, Albert C. Palmour, Jr., Georgia Bar No. 560351; Steven A. Miller, Georgia Bar No. 141937; 9933 Commerce Street, P.O. Box 716, Summerville, Georgia 30747; 706-857-5544;

   b. For the Defendant: Hamilton, Westby, Antonowich and Anderson; Brad Holcombe, Esq.; 600 West Peachtree Street, N.W., 17th Floor, Atlanta, Georgia 30308; 404-872-3500

Submitted, this 19th day of May, 2011.

PALMOUR LAW FIRM

/s/ Albert C. Palmour
Albert C. Palmour, Georgia Bar No. 560351

/s/ Steven A. Miller
Steven A. Miller, Georgia Bar No.  141937
9933 Commerce Street
P.O. Box 716
Summerville, Georgia 30747
Telephone: 706-857-5544
Facsimile: 706-857-4355
apalmour@palmourlaw.com

3