IN THE UNITED STATE DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| SHANNON K. QUEEN, INDIVIDUALLY ) <br> AND ON BEHALF OF ALL OTHERS ) <br> SIMILARLY SITUATED PERSONS, ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> AVIAGEN, INC., ) <br> Defendant. ) | CIVIL ACTION NUMBER: <br> 2:11-CV-00125-WCO |

### JOINT MOTION FOR APPROVAL OF SETTLEMENT OF FAIR LABOR STANDARDS ACT CLAIM

The parties have reached a proposed settlement and hereby move this Court to approve said settlement and dismiss this case with prejudice.

### MEMORANDUM OF LAW IN SUPPORT OF MOTION

### STATEMENT OF THE CASE

Plaintiff, Shannon K. Queen, worked for Defendant, Aviagen, Inc., as a Trucking Coordinator. *See,* Complaint (Docket Entry 1) at 5, ¶18. The Plaintiff claims he was not paid overtime as required by the Fair Labor Standards Act ("FLSA") and that the Defendant owes him overtime pay for his work over 40 hours per week. *Id.* At 6, ¶25. The original action was filed contemplating the addition of similarly situated persons who were working or had worked for the Defendant; however, a class was never certified. Therefore, the only Plaintiff is Shannon K. Queen.

The Defendant denies any liability to the Plaintiff for overtime wages under the FLSA. The Defendant claims that Plaintiff is an exempt employee under the agricultural exemptions under the FLSA, Code of Federal Regulations relating to the FLSA, as well as case law and is

not entitled to overtime pay for his work. Further, the Defendant claims that the Plaintiff is exempt under the federal interstate motor carrier exemption.

Despite these opposing views of the case, the parties have agreed it is in their best interests to settle this case to avoid further costs and uncertainty. The parties believe this settlement is fair and reasonable under all the facts and circumstances.

The proposed settlement requires the Defendant to pay to the Plaintiff the sum of $2500.00 for a complete release of liability as to any FLSA claim.[1] The settlement does not provide for attorney's fees to the Plaintiff's counsel.

## ARGUMENT

The proposed settlement is a just and fair settlement of the Plaintiff's claims under the FLSA. Because of the mandatory nature of the FLSA, a claim under FLSA may only be settled by the Secretary of Labor supervising the payment of unpaid wages to employees, which is not applicable in this case, or by judicial approval. *Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350, 1352-1353 (11th Cir. 1982). In the latter instance, the court went on to state that:

> Settlements are permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when he parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

---

[1] The parties have also been involved in a long term disability claim and this settlement in no way compromises the Plaintiff's claims as to long term disability.

*Id.* at 1354. The Court in *Dail v. George A. Arab, Inc.*, 391 F. Supp.2d 1142, 1146 (M.D. Fla. 2005) provided guidance in determining if a settlement should be approved by adoption the six factors used in approving a class action settlement:

> (1) The existence of fraud or collusion behind the settlement; (d) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of counsel.

The parties respectfully submit that the settlement does meet the standards set forth for a fair and reasonable settlement under the law and would show unto the court the application of the six factors adopted in the *Dail* case to aid in the Court in authorizing settlement.

(1) *The existence of fraud or collusion behind the settlement.* The parties' agreement is not the subject of fraud or collusion but a genuine effort to avoid more time and resources then the parties agree is prudent to resolve the issues. Counsel for both parties have thoroughly examined the prospects of going further with this case in light of all the circumstances surrounding their respective clients' positions and have thoroughly discussed the case with the clients in making this agreement. The projected costs of litigation and the proposed outcomes after litigation make this agreement fair and reasonable.

(2) *The complexity, expense and likely duration of the litigation.* Determining exemption under the FLSA is a complex issue in the examination of the facts of the case and the law as it applies to them. Both parties would be subjected to considerable expense in determining whether the Plaintiff's assertions are correct and that his job was not in the realm of agriculture as defined and interpreted by the FLSA, regulations, and case law. Neither party is at a point where they believe such expense is worth the continuance of the case when a fair compromise can be had.

(3) *The stage of the proceedings and the amount of discovery completed.* This case is set for the court's next pre-trial calendar. The parties have conducted discovery and believe that they have a good understanding of the facts of this case and the position of the other. Each believe that under the circumstances, settlement negotiations were called for and the fact that a settlement was reached at this stage will save both parties considerable time, effort, and cost.

(4) *The probability of the Plaintiff's success on the merits.* This litigation concerns the issue as to whether the Plaintiff as an employee of the Defendant is an exempt employee under the FLSA because his job functions are within the realms of agriculture as defined by the FLSA, Code of Federal Regulations and case law. The Plaintiff maintains that his job functions were not exempt. The Plaintiff maintains that the scrutiny is on the type of functions performed, while the Defendant argues that under established law all of its employees are exempt no matter what they do. And, the Defendant also claims the Plaintiff is an exempt employee under the federal interstate motor carrier exemption. The Plaintiff is far from assured of success on his claim due to the nature of prior case law interpreting the agricultural exemption.

(5) *The range of possible recovery.* Because of the uncertainty of the Plaintiff's success in this case, the amount of the proposed settlement is fair. The Plaintiff filed this case seeking unpaid overtime wages for approximately two and a half years and if he had been awarded this amount in total it would have been far more than the proposed settlement of $2500.00. But in light of all the factors to consider in the settlement of this action, it is a fair and reasonable amount.

(6) *The opinion of counsel.* The undersigned counsel for the Plaintiff and Defendant agree that continuing to trial with this case would not be an efficient use of the court's time and would not benefit their clients. Counsel for the Plaintiff is well aware of the challenges facing

the Plaintiff and seek to recover something for the Plaintiff instead of taking a chance on no recovery. Plaintiff's counsel believes this is the best possible resolution to this case.

## CONCLUSION

Based on the foregoing review of the six factors and the understanding of the placement of this case as far as being ready and best set for trial, the Plaintiff and Defendant respectfully request that the Court:

(1) Approve the terms and conditions of the settlement as recited herein; and,

(2) Dismiss the above-captioned case with prejudice, each party to bear its own costs, fees, and expenses.

Repectfully submitted,

For the Plaintiff:

*/s/ Albert C. Palmour*
Albert C. Palmour
Georgia Bar No.: 560351
Palmour Law Firm
P.O. Box 716
Summerville GA 30747
706-857-5544
706-857-4355
apalmour@palmourlaw.com

For the Defendant:

*/s/ Albert L. Vreeland*
Albert L. Vreeland
*Pro Hac Vice*
Lehr, Middlebrooks & Vreeland
P.O. Box 11945
Birmingham AL 35202-1945
205-326-3002
205-326-3008
avreeland@lehrmiddlebrooks.com


*/s/Elliot M. Friedman*
Elarbee, Thompson, Sapp & Wilson
800 International Tower
229 Peachtree St., NW
Atlanta GA 30303
404-659-6700
404-222-9718
friedman@elarbeethompson.com