IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| SHANNON K. QUEEN, | : |
| Plaintiff, | : |
| v. | : CIVIL ACTION |
| | : NO. 2:11-CV-00125-WCO |
| AVIAGEN, INC., | : |
| Defendant. | : |

## **ORDER**

The captioned case is before the court for consideration of the parties' "Joint Motion for Approval of Settlement of Fair Labor Standards Act Claim" [18].

On May 19, 2011, plaintiff filed this Fair Labor Standards Act (FLSA) lawsuit asserting that defendant, a poultry processing company that employed plaintiff, failed to properly compensate him for overtime hours. Essentially, plaintiff claimed that he was not paid the proper time and one-half amount for his overtime hours. On February 21, 2012, the parties filed this motion seeking approval of a joint settlement agreement. The court held a hearing on March 6, 2012, to address this agreement. At this hearing, plaintiff, plaintiff's attorney, and defendant's attorney asked the court to approve the agreement because it was fair and reasonable.

Under *Lynn's Food Stores, Inc. v. United States ex rel. United States Department of Labor*, 679 F.2d 1350 (11th Cir. 1982), a district court is required to scrutinize the fairness of FLSA settlements.  Since there are often "great inequalities in bargaining power between employers and employees" the provisions of the FLSA are mandatory; they cannot be contracted around or bargained away by employers and employees.  *Id.* at 1352.  Thus, a stipulated judgment may be entered in a FLSA action only where a court determines that the settlement "is a fair and reasonable resolution of a bona fide dispute over FLSA provisions."  *Id.* at 1355.

The court finds that the settlement in this case is a fair and reasonable resolution of a bona fide dispute over FLSA provisions.  At the hearing, the parties explained the main legal dispute in this action: whether plaintiff was an exempt employee under the FLSA.  Because of the uncertainty of this issue, both parties agreed that this settlement was fair and reasonable.  Additionally, plaintiff's attorney did not receive any attorney's fees in this settlement, indicating that there was no conflict of interest.  The settlement agreement will be approved.

For the foregoing reasons, the parties' "Joint Motion for Approval of Settlement of Fair Labor Standards Act Claim" [18] is hereby **GRANTED**.  The parties'

settlement agreement is hereby **APPROVED**.  The clerk is hereby **DIRECTED** to close this case.

**IT IS SO ORDERED**, this 6th day of March, 2012.

                                                s/*William C. O'Kelley*
                                                WILLIAM C. O'KELLEY
                                                Senior United States District Judge